IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SCOTTIE ALBIOUS and VICKY ALBIOUS,
Husband and Wife, Individually, and as Next Friends
of K.A., a Minor, I.A., a Minor, and T.A., a Minor                      PLAINTIFF

V.                           CASE NO. 5:25-CV-05184

FEDERAL EXPRESS CORPORATION,
MIRANDA MEEKS, VL&T, INC., AND
JANE AND JOHN DOES 1-9                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Remand filed by Plaintiffs Scottie Albious and Vicky Albious, individually and as next friends of their minor children (Doc. 8), Defendants Federal Express Corporation and Miranda Meeks' Opposition (Doc. 17), and the Albious family's reply (Doc. 24). Having considered all relevant materials,[1] the Court **GRANTS** the Albious family's motion to remand for the reasons explained below. As the Court lacks jurisdiction over the case, the remaining pending substantive motions in this case (Docs. 13, 18) are **DENIED AS MOOT.** Plaintiffs' motion for leave to file a second amended complaint (Doc. 26) remains pending for the state court's resolution.

### I. BACKGROUND

This personal injury case arises out of a motor vehicle collision that occurred on August 8, 2024, in Benton County, Arkansas. On July 16, 2025, the Albious family filed suit in the Circuit Court of Benton County, Arkansas, Civil Division against Defendants. That complaint named FedEx Ground Package System, Inc. and Miranda Meeks as

---

[1] The Albious family also filed a brief in support of their motion to remand, which the Court has considered. See Doc. 9.

1

Defendants. *See* Doc. 2-2, p. 3. Based on Defendants' initial answer, which noted that the correct name of the company is Federal Express Corporation rather than FedEx Ground Package System, Inc., the Albious family amended their complaint on August 25, 2025. *See* Doc. 2-2, p. 23. Defendants' initial answer also noted that Ms. Meeks was an employee of VL&T, Inc. on the date of the alleged incident. On September 5, 2025, at 11:56 AM, Defendants emailed the Clerk of this Court to file a notice of removal based on diversity of citizenship because Ms. Meeks was apparently unable to file electronically.[2] At 1:44 PM, the Albious family filed a Second Amended Complaint in the state court that added VL&T, Inc., an Arkansas corporation, as a defendant. *See* Doc. 9-1. A little over an hour later, at 2:54 PM, Defendants filed their notice of filing notice of removal in the state court. *See* Doc. 9-2.

## II. LEGAL STANDARD

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (citing *Ex Parte McCardle*, 7 Wall. 506, 514 (1868)). A "civil action" may be removed from state to federal court if it is one in which district courts would have original jurisdiction, and only "the defendant or the defendants" may initiate removal. 28 U.S.C. § 1441(a). If a federal court lacks subject matter jurisdiction over a removed action, it must remand the case to the originating court. *See* 28 U.S.C. § 1447(c). "The proponents of federal jurisdiction bear 'the burden to establish federal subject matter jurisdiction,' and 'all

---

[2] Defendant Federal Express Corporation is incorporated under the laws of the State of Delaware and with its principal place of business in a state other than Arkansas (Doc. 2-2, p. 23); Ms. Meeks is a citizen of the State of Oklahoma (Doc. 6, p. 2); the Albious Plaintiffs are residents of Benton County, Arkansas (Doc. 2-2, p.44).

2

doubts about federal jurisdiction must be resolved in favor of remand.'" *Moore v. Kan. City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016) (quoting *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009)). A civil action removable based on a court's jurisdiction under 28 U.S.C. § 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441.

### III. DISCUSSION

The primary issue between the parties is whether Defendants' removal of the action to this Court was proper once the Albious family amended their complaint to add VL&T, Inc., an Arkansas corporation, as a defendant. Defendants argue that removal was effectuated at the time they emailed the notice of removal for filing to the Clerk of this Court (before the complaint was amended). The Albious family counters that this reading is foreclosed by the statute and by the Eighth Circuit's decision in *Anthony*, which held that removal is effectuated only at the time a copy of the notice is filed with the clerk of the state court. *See Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996) ("The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time.").

The Court is bound by *Anthony*'s unequivocal language. As Defendants' removal was effective only at the time they filed their notice in state court—one hour after Plaintiffs filed their Second Amended Complaint—the Court must consider VL&T's presence as a defendant in determining its jurisdiction.[3] VL&T, Inc. is an Arkansas corporation, and the

---

[3] Although it is not clear from the parties' briefing what time VL&T, Inc. was served by Plaintiffs (and so it is not clear that there was a party "properly joined and served" that

Court is thus unable to exercise jurisdiction over the case given its presence in the case. *See* 28 U.S.C. § 1332(a). The Court is further persuaded that remand is appropriate given that VL&T, Inc. was Ms. Meeks' employer at the time of the incident, and thus adopting Defendants' position at this juncture would likely lead to either a similar disagreement regarding VL&T's joinder at a later time (potentially leading to a remand at that time) or the need to carry out further, separate litigation should VL&T be found liable in part or in whole for Ms. Meek's allegedly negligent actions.

## IV. CONCLUSION

For the foregoing reasons, the Albious family's Motion to Remand (Doc. 8) is **GRANTED**. The Clerk of Court is directed to immediately **REMAND** this case to the Circuit Court of Benton County, Arkansas, Civil Division. The remaining pending motions in this case (Docs. 13, 18) are **DENIED AS MOOT**.

**IT IS SO ORDERED** on this __21st__ day of November, 2025.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

---

was a citizen of Arkansas before removal, 28 U.S.C. § 1441(b)), neither party briefed the issue.

4